**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LATESHIA PATILLO                                                                                          PLAINTIFF

v.                                              No. 4:16CV00722 JLH

SYSCO FOODS OF ARKANSAS, LLC                                                           DEFENDANT

**OPINION AND ORDER**

Lateshia Patillo commenced this action against her former employer, Sysco Foods of Arkansas, LLC, on October 6, 2016, alleging race discrimination and retaliation in violation of Title VII. Patillo, who is black, alleges that she was constructively discharged because of her race and in retaliation for complaining about discriminatory actions. Sysco has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the motion is granted.

According to the complaint, Patillo filed a Charge of Discrimination against Sysco with the Equal Employment Opportunity Commission on June 13, 2016. She complained that, starting in May 2015, Sysco reduced her hours from 40 hours per week to 30 hours per week. Patillo resigned on October 20, 2015, due to stressful working conditions.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal based upon a lack of subject-matter jurisdiction. To prevail on such a motion, the challenging party must successfully attack the complaint, either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). If a plaintiff fails to allege an element necessary for a finding of subject-matter jurisdiction, the complaint should be dismissed. *Titus*, 4 F.3d at 593. Sysco asserts that the Court

lacks subject-matter jurisdiction over this action because Patillo failed to file a charge of discrimination within 180 days of the alleged discrimination, as required by Title VII..

Before filing a lawsuit in federal court, Title VII requires aggrieved individuals to "(1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citation omitted). Title VII's enforcement provisions require that a charge be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred and that a civil action be brought by the complaining party within 90 days after the EEOC gives notice of the right to sue. 42 U.S.C. § 2000e-5(e)(1), (f)(1).

Patillo has filed two charges with the EEOC, the first on September 1, 2015, and the second on June 13, 2016. The second charge underlies this action. Document #20-3 at 2. In that charge, Patillo complained[1] that Sysco reduced her hours in May 2015, provided her an unqualified assistant at an unspecified time,[2] and forced her to resign because of her race and in retaliation for filing the 2015 charge. *Id*. Patillo stated that the date of her resignation—October 20, 2015—was the last date that discrimination took place, but she did not file the 2016 charge within 180 days after the alleged discrimination as required by 42 U.S.C. § 2000e-5(e)(1).

---

[1] Patillo includes additional allegations of discrimination in the complaint, but the Court cannot consider allegations that she did not include in the underlying EEOC charge. *See Robinson v. Am. Red Cross*, 753 F.3d 749, 757 (8th Cir. 2014).

[2] The only other reference to this allegation is in the March 2016 intake questionnaire, in which Patillo states that on October 15, 2015 reasonable accommodations were not made to provide extra assistance for carrying out her job duties. Document #18 at 12. Patillo did not include this allegation in the complaint. *See* Document #2.

Patillo argues that the June 2016 charge was timely because she filed a charge in September 2015, alleging certain discriminatory actions, those actions "continued under an ongoing basis," and she updated those charges in March 2016 when she submitted an intake questionnaire to the EEOC. Patillo complained in the September 2015 charge that Sysco failed to promote her on two occasions, and reduced her hours because of her race and in retaliation for complaints about discrimination. Document #18 at 8.  The EEOC issued Patillo a notice of her right to sue on September 8, 2015, but she did not bring suit within 90 days.  Document #20-2.  Therefore, any action based upon the allegations of discrimination in the September 2015 charge is time-barred.  *See Spears v. Mo. Dept. of Corr. and Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000).  "[D]iscrete, discriminatory acts are not actionable if time barred . . . .  Each discrete discriminatory act starts a new clock for filing charges alleging that act."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2016, 2072, 153 L. Ed. 2d 106 (2002).

Patillo argues that the discriminatory acts alleged in the September 2015 charge continued on an ongoing basis and that she "updated" the allegations in an intake questionnaire submitted to the EEOC in March 2016.  Document #19 at 4.  Though Patillo maintains that the discriminatory acts continued "on an ongoing basis," she makes no allegation in either the charges or the intake questionnaire from which the Court could find that any alleged violations consisted of "an ongoing pattern or practice of discrimination, rather than an amalgamation of discrete, isolated instances." *Kline v. Kansas City, Miss., Fire Dept.*, 175 F.3d 660, 665 (8th Cir. 1999) (internal quotations and citations omitted).  Patillo submitted the March 2016 intake questionnaire within 180 days of her constructive discharge.  However, intake questionnaires are not typically viewed as EEOC "charges" within the meaning of 42 U.S.C. § 2000e-5 because they are not verified.  *See Schlueter v. Anheuser-*

*Busch, Inc.*, 132 F.3d 455, 458 (8th Cir. 1998); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1318 (11th Cir. 2001) (explaining that Title VII mandates that a charge be verified). The intake questionnaire Patillo submitted is no exception. *See* Document #18 at 11-14. Moreover, even if the intake questionnaire were considered a charge and even if Patillo did "update" the allegations made in the September 2015 charge,[3] the time-bar is not removed; No action can be based on the allegations in the September 2015 charge. *See Spears*, 210 F.3d at 853.

The only new allegations in the complaint and the charge underlying the complaint are the allegations that Patillo was constructively discharged because of her race and in retaliation for complaining about prior acts of discrimination. But because Patillo failed to comply with Title VII's enforcement provisions requiring that an EEOC charge be filed within 180 days of the alleged discriminatory action prior to bringing suit, the Court is without jurisdiction to hear the merits of her claims.

## CONCLUSION

For the foregoing reasons, Sysco's motion to dismiss is GRANTED. Document #15. This action is dismissed with prejudice.

IT IS SO ORDERED this 16th day of December, 2016.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[3] The allegations in the intake questionnaire are primarily related to the Family Medical Leave Act. Document #18 at 12.