## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

LATESHIA PATILLO                                                                 PLAINTIFF

v.                                          NO. 4:16CV00722 JLH

SYSCO ARKANSAS, a Division of
Sysco USA II, LLC                                                                DEFENDANT

### OPINION AND ORDER

Lateshia Patillo claims that because of her race her former employer, Sysco Arkansas, failed to promote her, and that Sysco Arkansas reduced her hours due to her race and in retaliation for engaging in protected activity. *See* Documents #49 and #50. Sysco Arkansas moves for summary judgment on all of Patillo's claims. For the reasons to be explained, the motion is granted.

Patillo began working as a will call associate for Sysco Arkansas in 2011. Among other things, Patillo's tasks included processing invoices, proofs of delivery, proofs of pick up, and payments for food purchases made by Sysco Arkansas's customers. Her amended complaint alleges that because of her race she was not promoted three times. Patillo is African American. In 2014, she applied for but was denied an administrative assistant position with Sysco Memphis. She also applied for but was denied a sales representative position with Sysco Arkansas. Finally, Patillo's complaint alleges that she was not allowed to apply for the position of assistant to the president at Sysco Arkansas. In March 2015, Patillo complained to the company about discrimination and retaliation, and in May the hours of both will call associates – Patillo and a Caucasian woman – were reduced. She alleges that Sysco Arkansas reduced her hours for discriminatory reasons and in retaliation for engaging in protected activity. Patillo filed an EEOC charge in September 2015, then ultimately resigned in October 2015. She brings her claims against Sysco Arkansas under 42 U.S.C. § 1981.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. The nonmoving party "must set forth specific facts showing there is a genuine issue of material fact for trial." *See Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Id.* "[A] fact is material if its resolution affects the outcome of the case." *Paine v. Jefferson Nat. Life Ins. Co.*, 594 F.3d 989, 992 (8th Cir. 2010) (quoting *Rakes v. Life Investors Ins. Co. of Am.*, 582 F.3d 886, 893 (8th Cir. 2009)).

In support of its motion for summary judgment, Sysco Arkansas has filed a statement of undisputed facts with citations to particular parts of the record, in accordance with the Federal Rules of Civil Procedure and this Court's local rules. Document #92-1. Local Rule 56.1(b) provides that a party opposing a motion for summary judgment must file, "in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried." The local rule further provides that all material facts set forth in the moving party's statement of undisputed facts "shall be deemed admitted unless controverted by" the nonmoving party's statement of facts. Local Rule 56.1(c). Patillo, who is pro se, opposes Sysco Arkansas's motion for summary judgment. She responded to it with a single forty-six-page filing

entitled, "Response In Opposition to Defendants Motion for Summary Judgement and Brief in Support & Motion to Strike Defendants Motion for Summary Judgment, Brief in Support, Exhibits and Affidavit's." Document #104. She did not file a separate, short, and concise responsive statement of facts as to which she contends a genuine dispute exists to be tried. Because Patillo did not follow the local rule, the Court is entitled to deem admitted the facts in Sysco Arkansas's statement of undisputed facts in support of summary judgment. *See* Local Rule 56.1(c); *see also Ballard v. Heineman*, 548 F.3d 1132, 1133 (8th Cir. 2008) (deeming the movants' statements of fact in support of their motions for summary judgment admitted under the district court's local rule where the plaintiff did not respond to the statements).

Patillo has disputed some of Sysco Arkansas's facts. Document #104. Despite Patillo's failure to follow the local rule, where Patillo has cited to evidence in the record that raises material facts, the Court accepts the facts as she presents them are true and draws all inferences from them in her favor. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). The Court does not, however, take her unsupported facts and conclusions as true. *See Thomas*, 483 F.3d at 527 ("Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment.").

Patillo asserts race discrimination and retaliation based on Sysco Arkansas's failure to promote her on three occasions. *See* Document #50. On her discrimination claims she presents no evidence of direct discrimination, so her claims are analyzed using the *McDonnell Douglas* framework.[1] Under this framework, on each claim, Patillo must first make a prima facie showing

---

[1] The Court "appl[ies] the same analysis to claims of discrimination and retaliation under Title VII and 42 U.S.C. § 1981," and Title VII precedent informs the Court's analysis of Patillo's

3

of intentional discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973). She need only show that (1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was denied the promotion; and (4) similarly situated employees outside of the protected group were promoted instead. *See Shannon v. Ford Motor Co.*, 72 F.3d 678, 682 (8th Cir. 1996); *see also Sallis v. Univ. of Minn.*, 408 F.3d 470, 476 (8th Cir. 2005) (explaining that a prima facie case requires a plaintiff to show "(1) that he is a member of a protected class; (2) that he was qualified for his position and performed his duties adequately; and (3) that he suffered an adverse employment action under circumstances that would permit the court to infer that unlawful discrimination was involved.").

If Patillo makes out a prima facie case, then the burden shifts to Sysco Arkansas to articulate a legitimate, nondiscriminatory reason for the hiring decision at issue. *See McDonnell Douglas*, 411 U.S. at 802-03, 93 S. Ct. at 1824-25. If this "minimal" burden is met, Patillo must show that Sysco Arkansas's reason is actually a pretext for race discrimination. *Id.* at 804, 93 S. Ct. at 1825. In showing pretext, Patillo must both rebut the proffered reason and provide evidence that the real reason for the move was unlawful discrimination. *See Johnson v. AT&T Corp.*, 422 F.3d 756, 763 (8th Cir. 2005). At all times, Patillo bears the ultimate burden "of proof and persuasion" that she was the victim of race discrimination. *Torgerson*, 643 F.3d at 1046.

Patillo's claim of race discrimination as to the administrative assistant position with Sysco Memphis fails. It is undisputed that the person who received the administrative assistant position over Patillo was Sophelia Woods, an African American woman. Patillo cannot make out a prima

---

section 1981 claims. *Takele v. Mayo Clinic*, 576 F.3d 834, 838 (8th Cir. 2009); *Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1030 (8th Cir. 2013).

facie case of race discrimination because she cannot show that a similarly situated employee outside of her protected group was promoted instead. *See Shannon*, 72 F.3d at 682; *see also Hill v. Ark. Dep't of Educ.*, 2008 WL 2704679, at *7 (E.D. Ark. 2008) ("[Plaintiff] fails to state a *prima facie* case of discrimination because [the promoted employee] is not outside the protected group.").[2]

Patillo's second claim of race discrimination involves a sales representative position with Sysco Arkansas. This position was an outside sales position that required knowledge of Sysco Arkansas's products and that would involve in-person interactions with Sysco Arkansas customers at customer locations. This position was first offered to Christina Nosser, who had more than two years of sales experience. Document #93-19 at 3. After Nosser declined the position, Sysco Arkansas offered it to David Bearden ("David"), who accepted. The Court assumes that Patillo has made out a prima facie case of race discrimination because David is Caucasian. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 515 (8th Cir. 2011).

David had seven years of experience at the Sysco Arkansas warehouse, where he delivered Sysco Arkansas products to customers. In that role he had visited customers at their offices and interacted with customer decisionmakers. The Sysco Arkansas employee responsible for filling the position believed that Patillo's more limited experience with customers – customer employees who

---

[2] The Court notes that it is undisputed that the administrative assistant position was with Sysco Memphis, a company that is not a defendant in this case and that is not a division of Sysco Arkansas. Sysco Arkansas points out that all hiring decisions as to Sysco Memphis were made by employees of Sysco Memphis, not Sysco Arkansas. Document #93-18 at ¶ 3. The "wrong defendant" defense is an affirmative defense that may be waived. *Zimmer v. United Dominion Industries, Inc.*, 193 F.R.D. 616, 619 (W.D. Ark. 2000) (collecting cases). Although Patillo was on clear notice of Sysco Arkansas's argument on this point because the issue was discussed at her deposition and in Sysco Arkansas's summary judgment papers, Sysco Arkansas's answer did not specifically assert the defense. Assuming, without deciding, that Sysco Arkansas waived this defense, the Court has proceeded to the substantive merits of the claim, and it fails at step one of *McDonnell Douglas* for the reasons explained.

picked up food orders – made her a less suitable candidate. *Id.* at 4. He also believed that Patillo's interview answers did not demonstrate that she understood the skills needed to succeed in an outside sales role. *Id.* Sysco Arkansas's proffered reason for hiring David – that he had superior customer interaction experience – was a legitimate, nondiscriminatory reason for choosing him over Patillo. *See Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1047 (8th Cir. 2002); *see also Hampton v. N.Y. Air Brake Corp.*, 2009 WL 928903, at *3 (E.D. Ark. Apr. 2, 2009) (holding that chosen employees' specific relevant experience, which the plaintiff lacked, was a legitimate nondiscriminatory reason for hiring them).

  Patillo must establish this reason was a pretext for race discrimination at step three of *McDonnell Douglas*. She argues that she was qualified for the sales representative position, and she directs the Court to her positive performance reviews and the fact that as will call associate she reported to the Vice President of Finance and CFO of Sysco Arkansas. Document #104 at 4-6. Patillo's argument on this point amounts to a description of why *she* was qualified for the sales representative position. Document #104 at 11-13. Perhaps Patillo was qualified to perform that job. But "[t]he fact that [Patillo] may have been capable of filling the role of [sales representative], or that [s]he has specific strengths as a candidate, does not show pretext." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 793 (8th Cir. 2011).

  To show pretext based on her qualifications, Patillo instead must show that Sysco Arkansas "hired a *less* qualified applicant" than she. *Barber*, 656 F.3d at 793 (quoting *Kincaid v. City of Omaha*, 378 F.3d 799, 805 (8th Cir.2004)). She has not done so. Although Patillo has a college degree, received positive performance reviews, and reported to the Vice President of Finance, the undisputed evidence also shows that David had significant customer service experience, including experience at customer locations with customer decisionmakers. The Court has no reason to

6

disbelieve Sysco Arkansas's description of the qualifications for the best applicant for the sales representative position. *See Cox v. First Nat'l Bank*, 792 F.3d 936, 939 (8th Cir. 2015) ("Although an employer's selection of a less qualified candidate can support a finding that the employer's nondiscriminatory reason for the hiring was pretextual, it is the employer's role to identify those strengths that constitute the best qualified applicant."). Similarly, "[a] comparative analysis of [the applicants'] qualifications" gives the Court no reason to doubt the company's reasons for choosing David over Patillo. *See Nelson v. USAble Mutual Ins. Co.*, 918 F.3d 990, 993 (8th Cir. 2019). Although David Bearden possessed different qualifications than Patillo, Patillo has not shown that he was *less* qualified. *See Barber*, 656 F.3d at 793. Her "insistence that [her] qualifications should have been more highly valued does not create a genuine issue of fact as to whether [Sysco Arkansas's] reasons for its hiring decisions were pretextual." *White v. Ark. Dep't of Health & Human Servs.*, 2006 WL 229896, at *9 (E.D. Ark. Jan. 30, 2006). Her failure to promote claim involving the sales representative position therefore fails.

Patillo also claims a failure to promote her to an assistant to the president position. Sysco Arkansas posted the job opening on its online job application portal in August 2013. Document #93-16 at 3. All Sysco Arkansas employees had access to the online application portal and could use it to apply for any open position. *Id.* It is undisputed that Patillo did not apply for the assistant to the president position, nor did she express to the relevant individuals that she was interested in that position before it was filled. *Id.* at 4; Document #93-17 at 3. The president of Sysco Arkansas, Harry Cotros, selected Teresa Bearden ("Teresa") for the position because of her past experience in working for a food brokerage firm and her experience assisting high-level executives. Document #93-16 at 3-4.

A plaintiff's failure to apply for a posted job opening will often preclude a failure to promote claim, although it may sometimes be excused. *See Lockridge v. Bd. of Trs., Univ. of Ark.*, 315 F.3d 1005, 1011 (8th Cir. 2003) (en banc). For example, a plaintiff who did not apply for a position but who made every reasonable attempt to convey her interest in the position to the employer may be able to prevail on a failure to hire claim. *Id.* But the Eighth Circuit has also broadened the situation when a failure to apply may be excused, such as if the employer had "some reason or duty to consider him for the post." *Green v. City of St. Louis, Missouri*, 507 F.3d 662, 667 (8th Cir. 2007) (quoting *Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1105 n.3 (8th Cir. 1996)). In *Green*, the Eighth Circuit held summary judgment was warranted on a failure to hire claim because the plaintiff had not established any jobs were open for which he was qualified and which the employer had reason to believe he would be interested in. *Id.*

Patillo cites to a letter she wrote in March 2015. Document #93-9. In that letter, she explains that she previously had an "exploratory interview" with Gary Bearden ("Gary"), the Human Resource Business Partner at Sysco Arkansas during Patillo's employment. Patillo describes that at that interview Gary "stated that the next position that was made available by Sysco I in which I was next in line." *Id.* at 4. It is unclear what this portion of the letter means, but Patillo argues that it raises an inference that she would be notified of the next available position at Sysco Arkansas. Document #104 at 7.

Assuming that based on Gary's previous promise to notify Patillo of the next available position Sysco Arkansas had some reason or duty to consider her for the post, Patillo's discrimination claim involving the assistant to the president position nevertheless fails. As with her arguments regarding the sales representative position given to David, Patillo argues that *she was qualified* to perform the assistant to the president position. That Patillo may also have been qualified

to perform the job is insufficient to show that Sysco Arkansas's given reasons for hiring Teresa were a pretext for race discrimination against Patillo. *Barber*, 656 F.3d at 793; *White*, 2006 WL 229896, at *9.

She raises some argument that Teresa was less qualified: Patillo points to her own bachelor's degree in business administration versus Teresa's associate's degree in business administration, and she points out skills listed on her resume that Teresa lacked. Document #104 at 8 (citing Documents #93-2 and 93-3). But Patillo presents no evidence that these particular qualifications would make a person better able to perform the duties of the assistant to the president. She also says, without evidentiary support, that she trained Teresa on some on some programs used by Sysco Arkansas. Document #104 at 8. Even if Patillo did in fact train Teresa on those programs, her personal belief that Sysco Arkansas should have valued her more seasoned knowledge of the programs over Teresa's differing qualifications does not sufficiently create a dispute of fact on the issue of pretext. *See White*, 2006 WL 229896, at *9; *see also Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 837 (8th Cir. 2002) (federal courts do not "sit as super-personnel departments to second-guess the business decisions of employers"). Patillo's discrimination claim related to the assistant to the president position therefore fails.

In moving for summary judgment Sysco Arkansas mentions a claim with respect to a marketing associate position for which an individual named Gerald Aday was selected. Patillo did not plead this claim in her complaint. *See* Document #50. In response to summary judgment, she states "[a]lthough Plaintiff isn't referencing in her Compliant (sic) a job position in which Gerald Aday was selected; Patillo did conclude an request to include this position by courts as an adverse claim in which a material fact of dispute exists[.]" Document #104 at 13. Broadly construing Patillo's complaint as claiming Sysco Arkansas failed to promote her to a marketing associate

position, summary judgment is granted on this claim. Other than pointing out that Aday was a Caucasian individual, Patillo has not provided evidence to rebut Sysco Arkansas's evidence that she lacked sales experience, a basic qualification for the position. Nor has she provided any evidence that hiring an individual with twenty-five years of sales experience was a pretext for race discrimination. To the extent that Patillo has pleaded a claim related to the marketing associate position, the claim fails on the merits.

Finally, Patillo claims that Sysco Arkansas reduced her working hours based on race discrimination and in retaliation for complaining internally about race discrimination. Document #50 at 5-6. On her retaliation claim, like on her discrimination claims, Patillo must first establish a prima facie case: she must demonstrate that she engaged in protected activity, that she suffered an adverse employment action, and that a causal connection exists between the two. *Sayger*, 735 F.3d at 1030-31. Sysco Arkansas would have to show a legitimate non-retaliatory reason for the adverse action. *Id.* The burden would then shift back to Patillo to show that the proffered reason was pretextual. *Id.*

Complaining about discrimination is protected conduct, and a reduction in working hours – resulting in reduced wages – is generally an adverse employment action. *Bergstrom-Ek v. Best Oil Co.*, 153 F.3d 851, 859 (8th Cir. 1998). Sysco Arkansas argues that Patillo's reduction in working hours was not an adverse employment action as a matter of law because she agreed to the reduction. *See Bissada v. Ark. Children's Hosp.*, 639 F.3d 825, 831 (8th Cir. 2011). Sysco Arkansas has presented evidence that it made the decision to reduce the number of hours the will call window was scheduled to be open on weekdays for business reasons, including to cut costs. Document #93-17 at 3. This change affected two employees: Patillo and the other will call associate, Pam Woolridge, a Caucasian woman. *Id.* Sysco Arkansas has provided declaration evidence that both of these employees were given the option to take on additional responsibilities to maintain a forty-hour

workweek. *Id.* at 4. Woolridge took on other responsibilities in an adjoining warehouse and Patillo chose to reduce her working hours. *Id.*

In response, in relevant part, Patillo argues without record citation that "the Defendant's (sic) didn't offer Plaintiff an alternate position and reduced her hours without her consent." Document #104 at 16. She also says that she "offers evidence reflecting the change of hours prior to [her] consent (Ex. 16)." Document #104 at 14. Patillo's exhibit sixteen is an email thread between her and Cotros, in which they set up a meeting to discuss Patillo's schedule. Document #104 at 42. Nothing in the email indicates that Patillo did not consent to working fewer hours. Indeed, her proposed schedule consisted of thirty-five or thirty-eight working hours each week. Document #93-11.

A reduction in hours is not an adverse employment action if the employee refused offers of other work that would have provided him or her with the same number of hours. *Pitchford v. Potter*, 72 F. App'x 506, 607 (8th Cir. 2003) (per curiam). Even if Patillo has sufficiently disputed whether she consented to the reduction, her discrimination and retaliation claims involving the reduction in hours fail. Patillo has cited no evidence that Sysco Arkansas reduced her hours based on her race, and she has cited no evidence that Sysco Arkansas reduced her hours because she complained about race or engaged in any other protected conduct; that is, she has no evidence of causation.

Even if Patillo had established a prima facie case, the decision to reduce Patillo's hours at the will call window was made in an effort to cut costs and to streamline staffing issues when a will call employee was unavailable. An effort to reduce costs is a legitimate, nondiscriminatory reason for reducing employee hours. *See Bundy v. U.S. Bank Nat'l Ass'n*, 972 F. Supp. 2d 1055, 1061 (D. Minn. 2013). Patillo has made no argument, and has proffered no evidence, that Sysco Arkansas's proffered reason for reducing her will call hours was a pretext for discrimination or retaliation. Her

unsupported belief is wholly insufficient. *See* Document #104 at 14 (stating that she "felt like the [reduction in hours] was discriminatory and retaliatory stemming from the meetings in which she complained about the Defendant's"). Both her claims involving her reduction in hours therefore fail. *Sayger*, 735 F.3d at 1030-31; *McDonnell Douglas*, 411 U.S. at 802-03, 93 S. Ct. at 1824-25.

For the reasons explained, Sysco Arkansas's motion for summary judgment is GRANTED. Document #92.

IT IS SO ORDERED this 7th day of May, 2019.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE